THE MAYOR AND COUNCIL OF THE TOWN OF BOONTON

v.

UNITED WATER SUPPLY COMPANY.

[Decided July 25th, 1914.]

1. Where a contract by a water company to supply water to the inhabitants of a town provided that the town might purchase the works and "at any and all times" might inspect the books and vouchers of the company, the town was entitled to exercise such right of inspection, though it did not exercise its option to purchase; nor was it a valid objection that the inspection privilege was not mutual.

2. Where a water company's contract with a town provided that the town at any and all times should have the right to inspect the water company's books and papers, the town was not limited to *mandamus* to enforce such right, but properly sought such relief by suit in equity.

*Mr. Frank H. Pierce, Mr. Charles E. Scribner* and *Mr. Robert H. McCarter,* for the complainant.

*Mr. Elmer King,* for the defendant.

LEWIS, V. C.

This is an application by the town of Boonton for an inspection of the books and vouchers of the United Water Supply Company. This right is claimed under the terms of a contract made between complainant and Lewis Van Duyne and the Boonton Water Company. The defendant succeeded to the Boonton Water Company by purchasing all its property, including the contract with the town, at a sale in foreclosure proceedings.

From my examination of the case I have reached the conclusion that the relief prayed for by the complainant should be granted. There is no doubt in my mind that read in connection with the other provisions of the contract the words "at any and all times," which appear in paragraph 11, mean that the water company bound itself to give the inspection, even if the town did not exercise its option to purchase. The privilege, it appears, was incorporated in the contract to give Boonton a chance to know the true conditions before it should agree to exercise its option. This is frequently done where the public is concerned and is to be the purchaser. And it is no doubt true, that without such right it would be difficult to get the people at large to sanction the making of a contract such as the one under consideration. There is, of course, consideration for the agreement to give this inspection as the town has been using the water supplied by the water company and paying for the same under the agreement ever since it was executed.

The suggestion made by counsel for the defendant, that the relief should not be granted because there is a want of mutuality if this is done before the town exercises its option, cannot prevail in view of our decisions, and further, this contract by its terms gives this right of inspection to the town authorities—a right not given to the company.. In other words, one party to this contract has a right which the other has not. The principle of mutuality cannot apply under these circumstances. The opinion of Chief-Justice Gummere in *Marvel* v. *Jonah,* which Mr. McCarter called to the court's attention upon argument and which was filed on July 17th last, deals with this sub-

ject with great clarity and is very much in point. See, also, *Page v. Martin (Court of Errors and Appeals), 46 N. J. Eq. 585; Madison, &c., Association v. Brittin, 60 N. J. Eq. 160; Philadelphia Ball Club v. Lajoie, 51 Atl. Rep. 973.*

I have given consideration also to the argument made by counsel for defendant, that *mandamus* was the proper procedure for complainant in this issue, but I think that the action has been properly taken in the court of chancery, and that the remedy for the town is not as urged by counsel for the defendant. In the case of *State v. Elizabethtown Water Co., ante p. 216,* which was cited, it was the statute that gave the state water commission the right to inspect the books of the water company. Proceedings to enforce the said right in a court of competent jurisdiction were provided for by the statute. The right in the case now before us arises out of the contract between the parties; in the *Elizabethtown Case* the right to examine arose purely out of a legal statutory duty enforceable only in the supreme court by *mandamus.*

No hardship is suffered by the water company by an order for inspection, as such order can be so framed as to prevent the inquisitive but disinterested person or any competitor, if there be one, from coming to knowledge of the company's affairs.

In accordance with these views an order for inspection may be entered.